United States District Court
Southern District of Texas

**ENTERED**
July 30, 2024
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| THE GUARANTEE COMPANY OF NORTH AMERICA USA, *et al.*, | § § § | |
| Plaintiffs, | § § § | |
| VS. | § § | CIVIL ACTION NO. 4:23-CV-01456 |
| HOUSING AND LAND DEVELOPMENT CORPORATION, *et al.*, | § § § § | |
| Defendants. | § § | |

**<u>MEMORANDUM & ORDER</u>**

Before the Court is a Report and Recommendation ("R&R") submitted by United States Magistrate Judge Dena Hanovice Palermo. ECF No. 51. The R&R addresses Third-Party Defendant the City of Houston's Motion to Dismiss. ECF No. 37. Third-Party Plaintiff IKLO Construction filed timely objections. ECF No. 53. For the reasons that follow, the Court finds that that the objections should be **OVERRULED**, the R&R **ADOPTED**, and the Motion to Dismiss **GRANTED**.

**I.     BACKGROUND**

This is a construction bond and surety case. Defendant Housing and Land Development Corporation, Inc. d/b/a IKLO Construction ("IKLO") entered into a construction contract with Third-Party Defendant the City of Houston ("the City"). IKLO also executed an indemnity agreement with sureties that issued bonds related to the City's construction project. Those sureties are Plaintiffs the Guarantee Company of North America USA and Atlantic Specialty Insurance Company.

1

The City terminated the construction contract with IKLO for non-performance and demanded that Plaintiffs perform under the bonds. Plaintiffs performed and then filed this suit to recover against IKLO pursuant to their indemnity agreement.

IKLO filed a third-party complaint against the City for breach of contract, alleging various claims related to the termination of the construction contract. The City moved to dismiss on the grounds that IKLO assigned the ability to bring those claims to Plaintiffs through the indemnity agreement.

Judge Palermo issued an R&R recommending the City's Motion to Dismiss be granted and IKLO's claims be dismissed with prejudice. Judge Palermo found that IKLO does not have capacity, also known as contractual standing, to sue because it assigned this right to Plaintiffs through the indemnity agreement's assignment provision. IKLO has objected to the R&R, ECF No. 53, and the City has responded, ECF No. 54. On July 23, 2024, the Court held a hearing on the objections and took the matter under advisement.

## II.      APPLICABLE STANDARD

A party may file written objections to a proposed R&R within 14 days of being served with a copy. 28 U.S.C. § 636. If such objections are timely filed, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, if no timely objection is made, the court need only review the R&R to determine whether it is "clearly erroneous or contrary to law." *Garcia v. Sessions*, 2018 WL 6732889, at *1 (S.D. Tex. Nov. 7, 2018) (quoting *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 20017)). Because IKLO has filed timely objections, the Court reviews de novo the objected to portions of the R&R.

III.    ANALYSIS

IKLO raises three objections, each of which is unavailing.

### a. Objection 1: Judge Palermo erred in concluding that IKLO waived its ambiguity and acquiescence arguments.

The City's Motion to Dismiss argued that IKLO lacked capacity because it has assigned its right to sue to the sureties. In responding to the Motion to Dismiss, IKLO summarily asserted that (1) the assignment agreement was ambiguous, and (2) the Plaintiff sureties had acquiesced to IKLO suing for breach of contract by not objecting to it filing a third-party complaint against the City. Judge Palermo found that these arguments were waived for inadequate briefing because IKLO identified no legal authority to support its position. She also opined on the merits of these arguments and found that "even if IKLO's arguments were not waived for inadequate briefing, they are without merit." ECF No. 51 at 19. In doing so, she found that (1) there was no ambiguity in the agreement's assignment provision, and (2) the anti-waiver clause of the indemnity agreement precluded IKLO's acquiescence argument. Judge Palermo ultimately concluded that IKLO's claims must be dismissed because it had assigned its right to sue to the sureties pursuant to the unambiguous assignment provision in the indemnity agreement.

IKLO now objects that Judge Palermo erred in finding that IKLO waived its ambiguity and acquiescence arguments. This objection is without merit. Judge Palermo correctly found that IKLO waived these arguments insofar as it failed to cite any legal authority (except for one general cite defining contractual ambiguity) to support its position. *See McCain v. Mississippi Hous. Dev. Corp.*, No. 2:95CV140-B-B, 1996 WL 33370633, at *1 (N.D. Miss. Jan. 19, 1996) (finding that argument was waived where parties failed to cite any authorities in responding to motion to dismiss); *Naranjo v. Nick's Mgmt., Inc.*, 652 F. Supp. 3d 737, 750 (N.D. Tex. 2023) (same); *see also Goins v. Dir., Off. of Worker's Comp. Programs*, 436 F. App'x 366, 369 (5th Cir. 2011) ("We

have consistently recognized that when an appellant fails to provide the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on, that failure constitutes waiver." (cleaned up)). Moreover, even if Judge Palermo had erroneously found these arguments were waived, her conclusions on the merits would still require dismissal of IKLO's claims. This objection is **OVERRULED**.

  **b.  Objection 2: Judge Palermo erred in failing to view the facts in the light most favorable to IKLO.**

  IKLO objects that Judge Palermo didn't view the fact in the light most favorable to the non-movant, IKLO, as is required under Rule 12(b)(6). However, IKLO fails to identify any specific facts that Judge Palermo failed to construe in IKLO's favor. Rather, IKLO identifies that Judge Palermo rejected its ambiguity and acquiescence arguments and interpreted the assignment agreement in a way that was favorable to the City. But, "interpretation of a contract is a matter of law." *Elmen Holdings, L.L.C. v. Martin Marietta Materials, Inc.*, 86 F.4th 667, 674 (5th Cir. 2023). Because it is not a question of fact, Judge Palermo was not required to accept IKLO's interpretation of the contract's assignment provision. Moreover, her rejection of the ambiguity and acquiescence arguments were decisions of law well within a judge's purview in ruling on a motion to dismiss.

  IKLO also argues that Judge Palermo "did not make all legal inferences in favor of IKLO." ECF No. 53 at 7. For example, Judge Palermo adopted the City's position that the assignment provision here is similar to that in three other cases where the court found a litigant had unambiguously assigned the right to sue for breach of contract to another party. IKLO now argues that Judge Palermo should have tried to differentiate the three cases cited by the City from the case at hand. But IKLO did not argue that these cases were not applicable in its briefing, and Judge Palermo was not required to make this argument for IKLO. Even now IKLO identifies no meaningful distinction between those cases and the assignment provision at hand, identifying only

Case 4:23-cv-01456   Document 60   Filed on 07/30/24 in TXSD   Page 5 of 6


superficial procedural differences that have no bearing on how the underlying provisions should

be interpreted. Accordingly, the Court **OVERRULES** this objection.

### c. Objection 3: Judge Palermo erred in dismissing the IKLO's claims with prejudice.

Judge Palermo dismissed IKLO's claims with prejudice, as IKLO has already amended its

third-party complaint once following the City's first Motion to Dismiss and because further

amendment would be futile. IKLO objects that the dismissal should be without prejudice because

(1) dismissal with prejudice might prevent the sureties from asserting a breach of contract claim

on IKLO's behalf in subsequent litigation, and (2) capacity is like Article III standing and dismissal

for lack of standing is generally without prejudice. Both of IKLO's arguments lack merit.

First, IKLO cites no authority for the proposition that dismissal with prejudice will prevent

the sureties from pressing this breach of contract claim in the future if they wish to do so. Insofar

as the dismissal is predicated specifically on IKLO's lack of capacity, it is difficult to imagine a

court finding the dismissal has any preclusive effect in litigation brought by a party that does have

capacity.

Second, although IKLO attempts to analogize capacity to standing, capacity is a separate

doctrine from Article III standing, as Judge Palermo discussed at length in her R&R. Dismissal for

lack of Article III standing is premised on a lack of subject matter jurisdiction and proceeds under

Rule 12(b)(1). The reason why dismissals for lack of standing are often without prejudice is

because jurisdictional rulings are not adjudications on the merits. *See Denning v. Bond Pharmacy,*

*Inc.*, 50 F.4th 445, 452 (5th Cir. 2022). Dismissal for lack of capacity, however, is an adjudication

on the merits and is made pursuant to Rule 12(b)(6). *See Maxim Crane Works, L.P. v. Zurich Am.*

*Ins. Co.*, 11 F.4th 345, 351 (5th Cir. 2021) (finding dismissal for lack of capacity is "part of the

inquiry into the merits of a particular claim"). Because this is a decision on the merits, dismissal with prejudice is appropriate. This objection is **OVERRULED.**

### IV.    CONCLUSION

IKLO's objections to the R&R are **OVERRULED**. The Court **ADOPTS** Judge Palermo's R&R, **GRANTS** the Motion to Dismiss, and **DISMISSES WITH PREJUDICE** IKLO's claims against the City.

**IT IS SO ORDERED.**

Signed at Houston, Texas on July 30, 2024.

_____
Keith P. Ellison
United States District Judge

6