United States District Court
Southern District of Texas
**ENTERED**
September 14, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THE GUARANTEE COMPANY OF NORTH AMERICA, *et al*,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:23-cv-1456** |
| | § | |
| **HOUSING AND LAND DEVELOPMENT CORPORATION, *et al.*** | § | |
| **Defendant.** | | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This is a construction and surety case involving cross-motions for summary judgment. Before the Court is the Motion for Partial Summary Judgement filed by Plaintiffs, The Guarantee Company of North America and Atlantic Specialty Insurance Company. ECF No 77. Also before the Court is the Motion for Summary judgment filed by Defendants, Housing and Land Development, TBM Investments, LLC, Tai Brothers Inernational, Inc. d/b/a IKLO f/k/a Fifth Dimension, IKLO Homes, LLC, Klein Holdings and Investments, Inc., Hutchins Street, LLC, Versus Ventures, LLC, Habib Tai, Sidra Tai, Abdul Karim Tai, and Halima.[1] ECF No. 80.

United States Magistrate Judge Dena Hanovice Palermo issued a Report and Recommendation ("R&R") in this case, recommending that both motions be denied. (ECF No. 93). Plaintiffs filed objections to Judge Palermo's recommendation that their Motion for Partial Summary Judgment be denied. *See* ECF No. 94. As required by 28 U.S.C. § 636(b)(1)(C), the Court has conducted a de novo review of the portions of the R&R to which Plaintiffs objected.

[1] Defendants will hereafter be referred to as "Defendants" or "IKLO."

After considering the objections, all responses, parties' oral arguments and all applicable law, the Court hereby **ADOPTS IN PART** the R&R's reasoning and **ADOPTS IN FULL** the R&R's conclusion. Plaintiffs' Motion for Partial Summary Judgment is **DENIED** and Defendants' Motion for Summary Judgment is **DENIED.**

## I. BACKGROUND

Defendant Housing and Land Development Corporation, Inc. d/b/a IKLO Construction ("IKLO") entered into a construction contract with Third-Party Defendant the City of Houston ("the City").[2] IKLO also executed an indemnity agreement with sureties that issued bonds related to the City's construction project. Those sureties are Plaintiffs the Guarantee Company of North America USA and Atlantic Specialty Insurance Company. The City terminated the construction contract with IKLO for non-performance and demanded that Plaintiffs perform under the bonds. Plaintiffs performed and then filed this suit to recover against IKLO pursuant to their indemnity agreement.

Plaintiffs filed a Motion for Partial Summary Judgment (ECF No. 77) and Defendants filed a Motion for Summary Judgment (ECF No. 80). Magistrate Judge Dena Palermo issued an R&R which recommended that this Court deny both Motions. *See* ECF No. 93.

## II. APPLICABLE STANDARD

A party may file written objections to an R&R within 14 days of being served with a copy. 28 U.S.C. § 636. If such objections are timely filed, a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* "A judge of the court may accept, reject, or modify, in whole or

[2] The City was named as a third-party defendant in this case; however, the Court previously dismissed Defendant IKLO's claims against the City. *See* ECF No. 60. As such, the City is no longer a party in the present case.

in part, the findings or recommendations made by the magistrate judge." *Id.* However, if no timely objection is made, the Court need only review the R&R for plain error. *See Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017) ("[A] party is not entitled to *de novo* review after failing to file written objections to the magistrate judge's R&R within a certain period of time. . . . If the parties . . . fail to file objections, we review only for plain error."). The Court therefore reviews de novo the objected-to portions of the R&R.

Both Plaintiffs and Defendants move for summary judgment. Summary judgment under Rule 56 "is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting FED. R. CIV. P. 56(a)). A genuine issue as to a material fact arises "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all "reasonable inferences . . . in favor of the nonmoving party, but the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)). "[T]he movant bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues on which the movant bears the burden of proof at trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also* FED. R. CIV. P. 56(a).

## III. ANALYSIS

Plaintiffs presented three objections to the R&R. While the Court sustains the first of Plaintiffs' objections, it finds that the second and third objections are unavailing and must be

overruled.

**A. Objection 1: Magistrate Judge Palermo Erred in Striking the Surety's Loss Statement.**

Under the express terms of the Indemnity Agreement, "'an *itemized* statement of loss and expense incurred by Surety, sworn to by an officer of Surety, shall be prima facie evidence of the facts and extent of the liability of the Indemnitors in any claim or suit by Surety against Indemnitors.'" *Id.* ¶ 15 (quoting ECF No. 79 at 8, 40-45) (emphasis added). Plaintiffs argue that the terms of the Indemnity Agreement should govern this dispute, as "[a]greements to waive evidentiary rules are generally enforceable even over a party's subsequent objections. . . 'Where an indemnity agreement contains a prima facie clause, an indemnitor may successfully attack payments made by [the] Surety only by pleading and proving fraud or lack of good faith by [the] Surety.'" *Id.* ¶ 16 (citing *Travelers Cas. & Sur. Co. of Am. V. James*, No. 3:15-cv-1999-N, 2016, WL 9306254, at *5 (N.D. Tex. Oct. 5, 2016); *Engbrock v. Federal Ins. Co.*, 370 F.2d 784, 786 (5th Cir. 1967); *United States v. Mezzanatto*, 513 U.S. 196, 202, 115 S. Ct. 797, 802 (1995)).

In response, Defendants argue that the indemnity agreement intended for only *itemized* statements to be considered prima facie evidence of liability and that the "alleged disbursement logs produced by the Surety were not itemized and in fact were only summaries of its alleged disbursements." *See* ECF No. 94 ¶ 11. Therefore, the Defendants argue that, although the prima facie clause was enforceable, it was not triggered through Plaintiffs' loss statements. *Id.* Judge Palermo concurred with Defendants' position and excluded Plaintiffs' loss statements for failing to "satisfy the requirements of summaries being used to prove content." *See* ECF No. 93 (referencing FED. R. EVID. 1006(b)).

"Normally, the language of the contract will be given its 'plain grammatical meaning,' unless doing so would result in a departure from the obvious intentions of the parties, ambiguity

in its meaning, or an absurdity." *Wells Fargo Bank, N.A. v. Collins*, No. H:09-2483, 2010 WL 3303663, at *2 (S.D. Tex. 2010) (citation omitted). "If the written instrument is so worded that it can be given a certain or definite legal meaning or interpretation, then it is not ambiguous and the court will construe the contract as a matter of law." *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983).

The term "itemized" means "to set down in detail or by particulars." *See Itemize*, MERRIAM-WEBSTER (accessed Sep. 9, 2026), https://www.merriam-webster.com/dictionary/-itemize. The loss statements take the form of a table which lists, among other details, the date of the payment, the amount paid, the payee, and the purpose of the payment. *See* ECF No. 79 at A-3. The listed purposes of payment vary in detail, listing payments in service of, among other things, "ratification agreement[s]," "stored materials" and "flood doors." *Id.* Defendants contend that these entries do not constitute "itemized" statements of loss because they are mere "summaries." *See* ECF No. 94 ¶ 11. The Court disagrees. Though the loss statements are not *so* detailed as to explain every type of stored material, for example, they do provide precise information about each payment Plaintiffs made in effort to cure IKLO's alleged default. It would be impracticable to further disaggregate the data, particularly if, as they intimated during the September 10, 2026 hearing, Plaintiffs did not carry records of the particular line-items involved in each purchase. *See* Minute Entry, September 10, 2026. For the purposes of determining what exactly Plaintiffs lost in each particular transaction, as well as the purpose of each payment, the loss statements comport with the "plain grammatical meaning" and "obvious intention" of the parties. *See Wells Fargo Bank, N.A.*, 2010 WL 3303663, at *2.

Therefore, Plaintiffs' first objection to the R&R must be **SUSTAINED.** Nevertheless, the following sections explain that, because Plaintiffs' other objections are unavailing, the Court will

uphold Judge Palermo's recommendation.

**B. Objection 2: Magistrate Judge Palermo Did Not Err in Considering the Surety's Undisputed Payment Bond Loss.**

Plaintiff contends that, even if the Court determines that there is an open question as to whether Plaintiffs acted in good faith regarding the performance bond, there is no question that they acted in good faith regarding the payment bond. ECF No. 94 ¶ 20. Therefore, Plaintiffs argue that they are at least owed summary judgment for their $802.314.74 in payments to subcontractors. *Id.* ¶ 23.

Defendants maintain that their motion for summary judgment, and Judge Palermo's subsequent R&R "appl[y] to all of the disputed bonds." ECF No. 95 ¶ 15. Defendants also note that Plaintiffs repeatedly group both types of bonds together in their own Motion for Partial Summary Judgment. *Id.* ¶ 16 ("This trend continues throughout the Surety's Motion for Summary Judgment and even the Surety's closing statement alleges that the 'Surety has demonstrated that Indemnitors have failed and refused to reimburse losses by the Surety under the Bonds and to enforce the Indemnity Agreement.'") (quoting ECF No. 78 at ¶53). "Moreover, if [Plaintiffs'] notion that the bonds cannot be grouped together is taken to its logical conclusion, the Surety necessarily failed to satisfy its summary judgment burden because it grouped the bonds together when arguing that it satisfied all the elements necessary to recover for a breach of indemnity agreement." *Id.*

The inconsistencies in Plaintiffs' pleadings regarding the difference between performance and payment bonds render summary judgment on this point inappropriate at this time. Whether the Indemnity Agreement or the parties themselves treat the bonds differently is a genuine issue as to material fact which will require a jury to parse the language and activities of Parties. *See Anderson*, 477 U.S. at 248 (finding a genuine issue as to material fact arising "if the evidence is

such that a reasonable jury could return a verdict for the nonmoving party”). Therefore, Plaintiffs’ second objection is **OVERRULED.**

### C. Objection 3: Magistrate Judge Palermo Did Not Err in Concluding That a Question of Fact Exists as to Whether the Surety Acted in Good Faith

Finally, Plaintiffs argue that Judge Palermo erred by finding that fact questions exist as to whether the Surety’s disbursements to cure the alleged default were made with “willful ignorance of the facts.” ECF No. 94 ¶ 24. That is, they argue that the evidence they provided which shows that Plaintiffs “consider[ed] information provided by the City and IKLO and conduct[ed] inspections of the work of IKLO, made payments under the Performance Bond in good faith.” Id. ¶ 27. During the September 10, 2026 hearing, Plaintiffs emphasized their contention that because the Defendants must establish that they made disbursements “with an improper motive or willful ignorance of the facts” there is no factual question as to whether the Sureties acted in good faith. *See id.* ¶25 (explaining that indemnitors carry the burden to show that the sureties acted with willful ignorance) (citing *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 284 (Tex. 1998) (quoting *Cent. Sur. & Ins. Corp. v. Martin*, 224 S.W.2d 773, 777 (Tex. Civ. App. –Beaumont 1949, writ ref’d))).

In response, Defendants argue that Judge Palermo correctly determined that fact questions as to good faith persist. Because Defendants raise evidence which undermines Plaintiffs’ assertions that they relied in good faith, including the deposition testimony which tends to suggest that Plaintiffs improperly determined that Defendants were in default with the City, summary judgment is inappropriate. ECF No. 95 ¶ 18.

Because the Court must draw all inferences in favor of Defendants, the non-moving party, it would be inappropriate to grant summary judgment on these grounds. *See Hathaway*, 507 F.3d at 319 (finding the Court must draw all “reasonable inferences . . . in favor of the nonmoving

party" at the summary judgment stage) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). The evidence that Defendants provide raises genuine questions as to whether Plaintiffs acted in good faith. For example, Defendants state that the Surety's corporate representative who was tasked with the investigation of the alleged default "relied heavily on the opinions of J.S. held in determining whether to accept the City's claims, including when determining legal arguments such as whether IKLO breached its agreements." *Id.* If these facts are found to be true, the representative "improperly rel[ying]" on the non-legal expertise to form legal opinions might raise an inference that Plaintiffs acted in bad faith. *Id.* A reasonable jury might conclude that Plaintiffs acted in bad faith, even with "willful ignorance of the facts" just as well as they could determine that Plaintiffs acted as any reasonable surety would. *See Assoc. Indem. Corp.*, 964 S.W.3d at 284 (articulating heightened standard for good faith); *Anderson*, 477 U.S. at 248 (articulating standard for genuine issue as to material fact at summary judgment stage).

In sum, Plaintiffs fail to show that there is no genuine issue as to material fact regarding the question of good faith. For this reason, their third objection is **OVERRULED.**

IV. CONCLUSION

For the reasons stated, the Court **ADOPTS IN PART** Judge Palermo's R&R. Both Plaintiffs' Motion for Partial Judgment and Defendants' Motion for Summary Judgment are hereby **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 14th day of September, 2026.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE